IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARSHA KIELY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1344 (JBS/AMD) |
| v. | **OPINION** |
| ATLANTIC CITY SHOWBOAT, INC.,<br>d/b/a SHOWBOAT CASINO, | |
| Defendant. | |

APPEARANCES:

Eric G. Zajac, Esq.
ZAJAC & ARIAS, LLC
1818 Market Street
30th Floor
Philadelphia, PA 19103
      Counsel for Plaintiff

Lawrence M. Kelly, Esq.
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS
2070 Springdale Road
Suite 400
Cherry Hill, NJ 08003
      Counsel for Defendant


**SIMANDLE**, District Judge:


I.  **INTRODUCTION**

    This personal injury negligence case is before the Court on
Defendant's motion for summary judgment [Docket Item 17].  For
the reasons discussed below, the Court will deny Defendant's
motion.

## II.  BACKGROUND

Plaintiff, Marsha Kiely, a resident of Pennsylvania, brought this negligence action against Atlantic City Showboat, Inc., in the Court of Common Pleas for Philadelphia County, Pennsylvania. [Docket Item 1.]  Defendant, doing business as Showboat Casino, is a New Jersey corporation with a principle place of business in New Jersey.  [Id.]  Defendant removed the case to the federal court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction.  [Id.]  The case was subsequently transferred to this Court upon stipulation of the parties. [Docket Item 6.]

Ms. Kiely alleges that while she was gambling at the Showboat Casino on May 3, 2006, she slipped on a wet bathroom floor and was seriously injured.  (Compl. ¶¶ 1-12.)  Defendant moves for summary judgment, arguing that Plaintiff has failed to adduce evidence of Defendant's actual or constructive knowledge of the slippery floor.

Plaintiff testifies that there was a casino employee in the corner of the bathroom by a utility closet at the time Plaintiff entered, (Pl.'s Dep. 28:6-11, Dec. 2, 2008), that the employee was in close proximity to where Plaintiff fell, (Id. at 31:6-8), and that the puddle of liquid upon which Plaintiff slipped was between the door and the stalls and was large enough to have wet the seat of her pants as a result of her fall.  (Id. at 27:8-

11.)[1]  Plaintiff argues that a reasonable fact-finder could
conclude that the Defendant had actual or constructive notice of
the condition.  Plaintiff also maintains that she is not required
to prove actual or constructive knowledge of the condition under
the circumstances of the case because of the "mode-of-operation"
exception.

     Defendant argues that the presence of an employee in the
bathroom is not sufficient evidence of actual or constructive
knowledge of the condition in the absence of testimony that
Plaintiff saw the employee notice the wet floor and without
evidence of the duration of the spill.  Defendant also provides
evidence that it maintained a regular schedule of bathroom
maintenance, including frequent inspection.  (Clayton Dep.
30:1-20, Feb. 23, 2009.)

     The Court must first decide whether Plaintiff is required to
prove that Defendant had knowledge (actual or constructive) of
the slippery floor.  If so, the Court will then decide whether a
reasonable fact-finder could infer from the presence of an
employee in the bathroom and the extent of wetness of Plaintiff's
pants that Defendant had actual or constructive knowledge of the

---

     [1]  Plaintiff also testified that photos were taken of her
pants after her fall which would reveal the amount of liquid
absorbed. (Id. at 84:1-85:24.)  Defendant has not produced any
such photos, nor has Defendant identified, based on Plaintiff's
description and the timing of the accident, the employee who
Plaintiff alleges was present in the bathroom.  Plaintiff has not
moved to compel production of the photos or admission of the name
of the employee.

3

wet bathroom floor with a sufficient amount of time to take
reasonable precautions.

## III.  DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate when the materials of record
"show that there is no genuine issue as to any material fact and
that the moving party is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a
disputed issue of material fact, the court must view the evidence
in favor of the non-moving party by extending any reasonable
favorable inference to that party; in other words, "the nonmoving
party's evidence 'is to be believed, and all justifiable
inferences are to be drawn in [that party's] favor.'"  Hunt v.
Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is
whether there are "any genuine factual issues that properly can
be resolved only by a finder of fact because they may reasonably
be resolved in favor of either party."  Liberty Lobby, 477 U.S.
at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326,
329-30 (3d Cir. 1995) (citation omitted).

### B.  Requirement of Notice and the Mode-of-Operation Exception

Knowledge of the dangerous condition that caused an injury
is ordinarily a requirement for liability based on a business

owner's failure to remedy the condition.  See Brown v. Racquet
Club of Bricktown, 95 N.J. 280, 291 (1984).  A defendant is
deemed to have constructive knowledge of a condition if
reasonable efforts to discover the condition would have revealed
it.  See, e.g., In re Kensington Intern. Ltd., 368 F.3d 289, 313
(3d Cir. 2004).

However, a so-called "mode-of-operation" exception to this
requirement of knowledge of the condition applies "in
circumstances in which, as a matter of probability, a dangerous
condition is likely to occur as the result of the nature of the
business, the property's condition, or a demonstrable pattern of
conduct or incidents."  Nisivoccia v. Glass Gardens, Inc., 818
A.2d 314, 316 (N.J. 2003).

Plaintiff argues that under the mode-of-operation exception,
"had Defendant been following its own procedures of 'constantly'
checking the bathroom, it would at least have been on
constructive notice of the puddle."  (Pl.'s Br. Opp. Summ. J., at
2.)  Here, Plaintiff seems merely to be arguing that such regular
inspections could lead a fact-finder to infer that the puddle was
actually discovered, not for an exception to the requirement that
Defendant have knowledge of the puddle.  (Plaintiff uses the term
"constructive notice," but appears by the context to be referring
to actual notice.)

Plaintiff also maintains that Defendant placed itself within
the exception by emphasizing maintenance of the bathrooms.
(Pl.'s Br. Opp. Summ. J., at 3.)  This is also a misunderstanding

5

of the exception.  Exceeding the relevant standard of care does not impose a higher standard of care on Defendant or obviate the need for notice of the condition.

The closest Plaintiff comes to properly invoking the exception is her argument with regard to the use of wet floor warning cones.  Plaintiff points to deposition testimony from a separate 2007 case.  The case involved another casino owned by the same parent company as Defendant's casino.  A bathroom attendant testified that use of such cones was discontinued as a result of new directions issued by the parent company that had recently acquired the casinos.  (Patterson Dep. 12:16-24, Sept. 17, 2008.)  An employee at the casino involved in the present case, Michael Clayton, also testified that he was asked to remove the cones from use outside the bathrooms.  (Clayton Dep. 34:12-16, Feb. 23, 2009.)

It appears that Plaintiff has failed to produce the portion of the deposition transcript in which Clayton testifies that, at this casino, the cones were used in the bathrooms.  At one point, Plaintiff's counsel asks "So what I'm trying to get a sense of is, why are you saying that this was only not in the bathrooms that you were discouraged from putting out the yellow wet floor caution signs?"  (Id. at 37:16-20 (emphasis added).)  Plaintiff has not included the full transcript.  Defendant also attaches a partial transcript in which Clayton discusses what the bathroom attendants are trained to do, which includes using caution cones after mopping.  (Id. at 26:13-22.)  Plaintiff's omission of the

6

sections of the transcript in which, the Court infers from
Plaintiff's question, Clayton discusses use of the caution signs
in the bathroom, combined with Defendant's attachment of
Clayton's discussion of training involving use of the cones
there, suggests to the Court that this argument may have little
merit.

However, assuming for the purposes of argument that the
casino had a policy to not use the warning cones in the bathroom,
the existence of such a policy would not be sufficient to invoke
the exception.  While warning cones mitigate the danger posed by
wet areas of the floor, the method of business in which such
cones are not used does not make such wet areas more likely to
occur, as the exception requires.  See Nisivoccia, 818 A.2d at
316 (applying the exception because the store's method of
operation increased the likelihood of slippery items falling to
the floor); Wollerman v. Grand Union Stores, Inc., 47 N.J. 426,
221 A.2d 513 (1966).  If something about the casino's method of
business made slippery floors likely to happen in a way analogous
to Nisivoccia and Wollerman, then the use or non-use of the
warning cones would be relevant to whether Defendant took
reasonable precautions in light of that increased risk.  But the
use or non-use of the cones is not relevant to the first order
question of whether Defendant's method of business increased the
likelihood of the occurrence of slippery floors.  Plaintiff has
made no allegation, much less adduced any evidence, that
Defendant's mode of operation resulted in the dangerous condition

of slippery floors being likely to occur.

In sum, Plaintiff fails to convince the Court that she does not bear the burden of showing that Defendant was had actual or constructive knowledge of the puddle upon which Plaintiff slipped.  The Court therefore proceeds to examine whether Plaintiff can demonstrate either form of notice.

**C.  Actual or Constructive Knowledge**

As discussed above, Plaintiff is required to show that Defendant had knowledge of the slippery floor, whether actual or constructive.  See Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984).  The Court agrees with Defendant that the critical issue on the question of notice is whether there is evidence of the duration of the condition of the wet floor, and what can be reasonably inferred from that evidence.  If the event that caused there to be a puddle of liquid upon the floor happened only a few moments before Plaintiff slipped, then Defendant could not have either actual or constructive knowledge of the puddle, much less have that knowledge with enough time to take any reasonable measure to warn about or make safe the condition.  However, if the puddle was present for long enough, a reasonable fact-finder could infer that it was either actually noticed by the employee present in the bathroom with enough time to take some precaution, or was present long enough to have been discovered by the employee or otherwise discovered by reasonable

effort, and precautions taken.

For the purposes of this motion, the Court must assume that the finder of fact will credit Plaintiff's testimony.  <u>Hunt</u>, 526 U.S. at 552.  The sole remaining question is therefore whether the facts to which Plaintiff testifies constitute sufficient evidence from which a reasonable fact-finder could draw conclusions about what was noticed or should have been noticed by the Defendant's employee and what reasonably could have been done in response.

Acknowledging that it is a close question, and extending all reasonable inferences to Plaintiff as the party opposing the motion, the Court finds that a reasonable fact-finder could draw such conclusions from the facts in evidence.  None of the pieces of evidence is individually sufficient, but together they are enough.  According to Plaintiff, there was an employee present. The employee was in close proximity to the puddle, and the puddle was within the employee's line of sight at the time of the accident.[2]  The puddle was between the door and the stalls (i.e., not below the sinks or inside a stall).  The puddle was large

---

[2]  Thus, a reasonable juror could infer that the puddle was actually visible to Defendant's employee, and that the employee failed in her duty to warn Plaintiff or to clean up the liquid. This may ultimately prove problematic for Plaintiff, who was closer to the puddle and probably in a better position than the employee to have observed it.  If Plaintiff's comparative negligence exceeded Defendant's, Plaintiff cannot recover under New Jersey law.  N.J. Stat. Ann. 2A:15-5.3.  In this motion for summary judgment, however, the Court is not free to weigh the parties' degrees of negligence.

enough to not only have caused Plaintiff to slip, but also to have caused the whole seat of her pants to get wet.  These facts do not compel any particular conclusion, but they are sufficient for a reasonable fact-finder to infer that, more likely than not, the employee in the bathroom knew or should have known about the liquid on the floor of the bathroom with enough time to make some reasonable effort to warn of the slippery floor, by use of a caution sign or otherwise, until the problem could be remedied.

## IV.  CONCLUSION

The presence of a Defendant's employee in close proximity to the puddle upon which Plaintiff slipped, combined with reasonable inferences about the size of the puddle and its location on the floor between the door and the stalls, is sufficient evidence upon which the fact-finder could conclude that Defendant breached its duty of care to Plaintiff.  Summary judgment will therefore be denied, and the accompanying Order shall be entered.


**January 20, 2010**                                        **s/ Jerome B. Simandle**
Date                                                   Jerome B. Simandle
                                                       U.S. District Judge